(C.R.D. 77–12)

## WEBCOR ELECTRONICS DIV. OF U.S. INDUSTRIES, INC.
### *v.* UNITED STATES

Court No. 73–1–00279

(Dated September 29, 1977)

*Serko & Simon* for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*William F. Atkin,* trial attorney), for the defendant.

NEWMAN, Judge: Defendant has moved for an order striking plaintiff's "Second Amended Complaint", filed July 29, 1977, on the ground that it fails to comply with the court's rules. Plaintiff has interposed an opposition to defendant's motion. For the reasons indicated herein, defendant's motion to strike is granted.

Briefly, the background of the present matter before me is as follows: On July 6, 1977, the court entered an order directing *inter alia* the severance of two entries covered by the civil action (Nos. 108146 and 174027) and further ordered the filing of an amended complaint within thirty days. On July 29, 1977, plaintiff filed a document erroneously entitled "Second Amended Complaint" (this was, in fact, the first amendment): and *in one skimpy sentence,* the document states that plaintiff "amends its complaint to strike items 5 and 10 and Schedule B, all of which relate to Entry 108146, and to omit Protest 1001–2–011865 covering Entry 174027". No retained portion of the original complaint is repeated in the amended complaint.

Defendant correctly contends that plaintiff's so-called second amended complaint fails to comply with rule 4.8(c) of this court which, so far as is pertinent, requires an amended pleading to "include so much of the prior pleading as may be required to show clearly how the pleading is to stand amended". Further, as defendant accurately notes, plaintiff has mislabeled its amended complaint as "Second", when in fact it was the *first* amended complaint filed by it.

Plaintiff in its opposition readily concedes that its amended pleading should have been captioned "First Amended Complaint". However, plaintiff denies that copying the retained portions of the original complaint (paragraphs 1 through 4 and 6 through 9 and the schedule of protests) into the amended complaint is required for clarity. I am unable to agree.

It is evident from a reading of rule 4.8(c) that plaintiff has utterly failed to comply with either the letter or spirit of the rule, or with the direction in the court's order of July 6 to file an amended complaint. Obviously, when the court directed the filing of an amended pleading, it intended such pleading to comport with the requirements of its rules. Plaintiff's filing of a document merely striking certain material in the original complaint by reference to its "item" (paragraph) numbers and schedule listing, plainly is not a compliance with rule 4.8(c), or the court's order of July 6th.

Even though the purpose of the amended pleading is simply to delete certain material from a prior pleading, as in the instant case, nevertheless such amended pleading must conform with rule 4.8(c). Thus, pursuant to that rule, the amended pleading should reproduce or duplicate sufficient material retained from the original or prior pleading so as to clearly indicate *within the four corners of the amended pleading* how the pleading is to stand amended.

The objective of filing an amended pleading is not simply to apprise the court and the pleader's adversary as to a change in position, but also to present in a clear, comprehensive and unified manner the most current form of the pleader's allegations, without the necessity of referring back to the original or prior pleadings submitted in the action, which could cause confusion.

In sum, plaintiff's amended complaint does not indicate *within its four corners* how the original pleading is to stand amended, and consequently fails to comply with rule 4.8(c). It is evident, too, that were it simply necessary to strike the provisions relating to the entries referred to above, the court's order of July 6th, could have so directed.

At this juncture, I wish to emphasize that I am fully cognizant of—and entirely appreciative of—the government's and the importer's respective problems in litigation. And moreover, that my bent of mind is to obviate difficulties and hurdles that are purely technical in nature, which may cast an unnecessary burden on a party. Nonetheless, a plaintiff must, of course, observe the rules of pleading which have been prescribed by the court. Hence, under the particular circumstances here, I am constrained to grant defendant's motion to strike the "Second Amended Complaint"; and plaintiff is directed to file a second amended complaint in conformity with rule 4.8(c), bearing in mind the construction of that rule as enunciated in this memorandum opinion.

Accordingly, it is hereby ORDERED:

1. Defendant's motion to strike the document entitled "Second Amended Complaint" is granted.

2. Plaintiff shall have thirty (30) days after service of this opinion and order within which to file a second amended complaint in the form and manner prescribed by rule 4.8(c).